The Attorney General is in receipt of your request for an opinion wherein you raise the following question: "May a municipality raise the rate of a sales tax in excess of two percent?" The Legislature has passed a general municipal taxation law, the Oklahoma Municipal Taxation Code, 68 O.S. 2701 [68-2701] et seq. (1971), which provides in pertinent part as follows: "Any incorporated city or town in this State is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government . . ." It is apparent from a full reading of the above section that the Legislature intended the respective cities in the State to have the authority to assess ("to ascertain; fix the value of," Black's Law Dictionary, p. 107 5th ed. 1979) taxes for local purposes while inferentially referring to state procedures (". . . as the Legislature may levy and collect . . .") in the levy and collection aspects of such taxation. The intent of the Legislature to allow the cities to tax themselves according to their own rates may be gleaned from two separate acts of the Legislature. The first is the 1973 enactment of 68 O.S. 1323 [68-1323] through 68 O.S. 1327 [68-1327] (1973), which placed a two percent ceiling on any municipal sales tax imposed by ordinance. Obviously, the Legislature would not have thought it necessary to put a ceiling on the municipal sales tax, after the enactment of the Oklahoma Municipal Taxation Code, unless the cities had initially been able to tax at their own rates. This intent is born out by the fact that under 68 O.S. 1325 [68-1325] (1973) the moratorium on the ability of the cities to tax over two percent expired on March 1, 1975, by reason of the failure of the Legislature to extend the act. The second showing of intent by the Legislature to provide cities the ability to tax at their own rates, is shown by the enactment of 68 O.S. 2705 [68-2705] (1971), which conditions any specific tax levied by cities on the majority approval of the registered voters of said city. Again, the Legislature would not have enacted this statute as a part of the Oklahoma Municipal Taxation Code, if it had not anticipated allowing the cities to tax at their own rates as approved by their own voters. Thus, the intent of the Legislature to allow the cities to tax at their own rates is shown by these actions. It seems the general rule of law corresponds with the results so obtained: "In the absence of a constitutional, statutory, or charter limitation, a municipality having power to tax may best levy such rate or amount as it deems best." 64 C.J.S., Municipal Corporations, 1989. It is, therefore, the official opinion of the Attorney General that the question propounded be answered in the affirmative in that 68 O.S. 2701 [68-2701] et seq. (1971), the Oklahoma Municipal Taxation Code, which authorizes incorporated cities and towns to assess, levy and collect taxes for purposes of municipal government, was promulgated to allow the municipalities to assess a rate of taxation pursuant thereto at any rate approved by a majority vote of the registered voters in the municipality pursuant to 68 O.S. 2705 [68-2705] (1971). (WILLIAM ROY HOLTON, JR.) (ksg)